UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PATRICK WILLIAM OLIVER,**

    **Plaintiff,**

**v.**                                                            **Case No: 5:16-cv-683-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his applications for Disability Insurance Benefits "DIB" and Supplemental Security Income "SSI". Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **affirmed.**

**I.**     **BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on February 18, 2013, alleging disability beginning January 1, 2008 (Tr. 213-21, 233). The Commissioner denied the applications initially and on reconsideration (Tr. 129-46, 148-65). After a hearing (Tr. 28-66), an administrative law judge (ALJ) found that Plaintiff was not disabled (Tr. 11-27). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-7). The Commissioner's final decision is now subject to judicial review. See 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

(Doc. 21, p. 1).

At the time of the ALJ's decision, Plaintiff was 47 years of age. (Tr. 233). Plaintiff has an eighth grade education, and past relevant work as a foreman for a utility company, and as a locator for a telecommunications company. (Tr. 62, 236, 239). Plaintiff alleged disability due to temporomandibular joint disorder (TMJ), "cracked skull," headaches, facial injuries, broken back, back pain, memory loss, hip pain, depression, and neck pain. (Tr. 41-47, 237).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: history of compression fracture with degenerative disease of the lumbar spine, scoliosis, cervical spondylosis, TMJ with history of facial fracture, alcohol abuse, depression, anxiety, and headaches. (Tr. 16). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work. The ALJ found:

> [The claimant] can occasionally climb ramps/stairs, kneel, crouch, crawl, stoop, and balance; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to hazards; and have no more than moderate exposure to noise. He would be limited to performing simple, routine, repetitive tasks; could have no contact with the public; only occasional contact with co-workers and supervisors; and he would be limited to routine changes, which were non-production oriented.

(Tr. 18).

Based upon this RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, such as mail sorter, parts cleaner, and retail marker. (Tr. 23). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 23).

**II.    STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III.    DISCUSSION**

Plaintiff raises a single argument on appeal -- that the ALJ failed to fully develop the record regarding Plaintiff's intellectual and adaptive functioning. (Doc. 21, p. 18). Plaintiff specifically contends that the ALJ "did nothing to develop the record regarding Appellant Oliver's I.Q." (Doc. 21, p. 20). Plaintiff argues that a consulting psychologist's conclusions and opinions raise questions about the residual effects of a childhood brain injury. (Doc. 21, p. 20). Further, Plaintiff contends that the ALJ failed both to obtain Plaintiff's school records, and failed to order Plaintiff undergo I.Q. testing, resulting in a lack of evidence from which the ALJ could make a fully informed decision. (Doc. 21, p. 20). Plaintiff predicts that if the ALJ had ordered I.Q. testing, such testing would have established that Plaintiff is "mildly intellectually disabled," which would have required consideration of whether the medical severity of plaintiff's impairment met or equaled the signs and symptoms of a listed disability, citing 20 C.F.R. § 404.1520(a)(4)(iii). (Doc. 21, p. 21). If Plaintiff's impairments had been found to meet a listed disability, such as listing 12.05, Plaintiff contends that the ALJ would have concluded that he is disabled. (Doc. 21, p. 22).

In support of this argument, Plaintiff cites evidence regarding a head injury that occurred when he was seven years old. (Tr. 41). Plaintiff also relies upon the opinion of Susie Troxler, Ph.D., who conducted a consultative examination on April 2, 2013. (Tr. 409-14). Dr. Trotter noted that Plaintiff did not perform well in school, and only completed the eighth grade. (Tr. 414). Dr. Trotter noted that Plaintiff denied receiving any special education services, and did not obtain a GED. (Tr. 414). Dr. Trotter found Plaintiff suffered from generalized anxiety disorder, major depressive disorder, recurrent, moderate alcohol dependence and nicotine dependence. (Tr. 414). Dr. Trotter noted that Plaintiff's various memory functions, concentration and attention skills were limited. (Tr. 412). She further noted that Plaintiff's cognitive functioning was in the borderline range, although his common sense reasoning and judgment seemed good. (Tr. 413). Importantly,

Dr. Trotter noted multiple times that Plaintiff "smelled strongly of alcohol during the evaluation," and may not have been forthright in relating his history. (Tr. 409). Dr. Trotter also noted that Plaintiff's current cognitive abilities were judged to be below his potential, and that his potential was likely average ability. (Tr. 413). Dr. Trotter explained that Plaintiff's tendency to deny and minimize substance abuse problems suggested Plaintiff may not have been forthright in other areas of his history. (Tr. 413).

The ALJ assigned only little weight to the opinion of Dr. Troxler because the limitations she assigned were not supported by any objective findings, and because Plaintiff has never sought any mental health treatment. (Tr. 21). The ALJ also noted that, although Plaintiff claimed to suffer from poor memory, his short and long-term memory was found to be intact with good judgment and insight. (Tr. 22). Indeed, during a mental status examination on January 16, 2012 as part of Plaintiff's discharge from a hospital, Plaintiff was noted to have good judgment and insight, and intact memory functioning. (Tr. 352). His mental status at that time was essentially normal, although he was counseled regarding alcohol dependence. (Tr. 352). The ALJ also noted that, despite Plaintiff's testimony that he has problems concentrating, he is capable of caring for his sick mother and monitoring her to be sure she takes her medications daily. (Tr. 22). The ALJ observed that there were no treatment records for Plaintiff between an accident in 1989 and when he presented in 2012 with back pain. (Tr. 22).

The Social Security disability benefits process is inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110–111 (2000), *Crawford & Co. v. Apfel*, 235 F.3d 1298 (11th Cir.2000), and is informal. *Richardson v. Perales*, 402 U.S. 389, 400–401 (1971); *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir.1993); 20 C.F.R. § 404.900(b). With informality comes a duty to develop a complete record. *Kendrick*, 998 F.2d at 456. It is well established in this Circuit that the ALJ has

an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir.1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir.1990); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir.1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). The duty to develop the record exists even though the plaintiff is represented. *Brown*, 44 F.3d at 934; *Smith*, 792 F.2d at 1551 (citing *Cowart,* 662 F.2d at 735). The ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Cowart*, 662 F.2d at 735 (citations omitted), and "investigate the facts and develop the arguments both for and against granting benefits." *Crawford & Co.*, supra, 235 F.3d at 1304.

These principles do not mean, however, that the ALJ must search to the last document to find every possible piece of relevant evidence. Rather, he must have sufficient evidence to decide the case. Noteworthy cases in this circuit on the ALJ's duty to develop the record are *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. Unit B Oct.15, 1981) and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984). Both held that it is not necessary for the ALJ to order a consultative examination unless the record established that such an examination was necessary to enable the ALJ to make a decision. Where he has sufficient information to decide the case, however, he can do so. *See Graham v. Apfel*, 129 F.3d 1420,1423 (11th Cir.1997) (holding that where the record is complete and adequate to a decision, no showing of prejudice is made). Moreover, "[t]he claimant has the burden of proving he [or she] is disabled, and is therefore responsible for producing evidence in support of the claim ." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir.2003); 20 C.F.R. § 416.912(a), (c).

Thus, the question here is whether the ALJ had sufficient evidence regarding Plaintiff's intellectual functioning to decide the case. Regarding this issue, in addition to Dr. Troxler's

evaluation, the ALJ also considered Plaintiff's own testimony, the nature and extent of Plaintiff's activities of daily living, various hospital records, a physical consultative examination by Dr. Eason, and the opinions of state agency medical consultants.

This evidence is consistent with the ALJ's findings regarding Plaintiff's RFC, particularly that Plaintiff "would be limited to performing simple, routine, repetitive tasks; could have no contact with the public; only occasional contact with co-workers and supervisors; and he would be limited to routine changes, which were non-production oriented." (Tr. 18). For example, while Dr. Troxler judged Plaintiff's cognitive functioning to be borderline, she noted that Plaintiff's abilities were below his potential due to influence from psychological factors. (Tr. 413). Nonetheless, she noted his common sense reasoning and judgment were good, and that he was talkative and oriented to time and place. (Tr. 412-13). Meanwhile, Dr. Eason noted nothing "overwhelming" regarding Plaintiff's exam. (Tr. 420). And, Plaintiff was found to have intact short and long term memory with good insight and judgment during a mental health examination in 2012. (Tr. 352). Plaintiff has no history of mental health treatment.

The ALJ also considered Plaintiff's activities of daily living. The ALJ noted that Plaintiff was capable of caring for his sick mother, including making sure she takes necessary medication. (Tr. 22, 49). Plaintiff also testified that he is able to do housework, drive, walk short distances, lift up to 25 pounds, and care for himself. (Tr. 48-49, 52). The ALJ observed that Plaintiff's activities are inconsistent with the total inability to work. (Tr. 25). In other words, the ALJ's decision is supported by substantial evidence, including medical records, medical opinions, Plaintiff's own testimony, and Plaintiff's activities of daily living.

Upon review, the undersigned agrees with Defendant that the record contains sufficient evidence and that the ALJ was not required to further develop the record or order I.Q. testing or

an additional consultative examination regarding Plaintiff's intellectual functioning, as Plaintiff contends. A consultative examination need not be obtained to establish certainty regarding a claimant's condition, as the Social Security Act requires only substantial evidence to support an ALJ's findings. *See Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1998). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, Plaintiff has failed to meet this burden.

Importantly, Defendant also argues (and Plaintiff does not dispute) that Plaintiff never previously alleged that he was disabled due to intellectual disability. (Tr. 41-47, 237). For that reason alone, the ALJ was therefore not required to investigate that theory of disability. *See East v. Barnhart*, 197 F. App'x 899, 902 (11th Cir. 2006) (stating "the ALJ need not scour the medical record searching for other impairments that might be disabling, either individually or in combination, that have not been identified by the Plaintiff"). Indeed, where a claimant fails to present mental health issues as a basis for disability either in the application for benefits or at the hearing, such failure can be dispositive of the claim. *See Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005).

Moreover, Plaintiff was represented by an attorney at the hearing. (Tr. 28-30). Although Plaintiff's attorney and the ALJ questioned Plaintiff extensively about the reasons he could not work, and while Plaintiff did testify about difficulty concentrating due to pain (Tr. 52), neither Plaintiff nor his attorney raised the issue of intellectual disability. Plaintiff or his attorney could have put the ALJ on notice of the issue of intellectual disability at the hearing, but they failed to do so. *See Street*, 133 F. App'x at 627. Plaintiff's argument has been expressly rejected by the Eleventh Circuit where, as here, a claimant is represented by counsel and failed to identify for the

ALJ the allegedly disabling impairments which the claimant contends required further development. *See Sullivan v. Comm'r of Soc. Sec.*, No. 16-16896, 2017 WL 2257332, at *1 (11th Cir. May 23, 2017). It is not surprising that where neither Plaintiff nor his attorney raised the issue of intellectual disability, and where a consultative examination and other evidence regarding intellectual functioning was already part of the record, and that the ALJ did not see the need for further development of the issue.

The undersigned agrees with Defendant that Plaintiff has not met his burden of demonstrating an intellectual disability. And, even if the ALJ had fully credited Dr. Troxler's opinion and interpreted it as a diagnosis of Plaintiff as having "borderline intellectual functioning," the Eleventh Circuit has stated that borderline intellectual functioning "is mutually exclusive of mental retardation." *Jordan v. Comm'r of Soc. Sec.*, 470 F. App'x 766, 768-69 (11th Cir. 2012) (citing the Diagnostic and Statistical Manual of Mental disorders (4th ed. 2000) (DSM-IV) at 47-48); see *Smith v. Comm'r of Soc. Sec.*, 535 F. App'x 894, 897-98 (11th Cir. 2013) ("The fact that none of the other treatment records diagnosed Smith with mental retardation supports the ALJ's . . . conclusion that Smith did not meet or equal the criteria of Listing 12.05(C)"). Importantly, Dr. Troxler also noted that Plaintiff "smelled strongly of alcohol" during the exam and may not have been forthright in his responses (Tr. 409). As Defendant argues, Plaintiff's alcohol abuse cannot be used as a basis for finding him disabled. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; SSR 13-2p, 2013 WL 21536 (S.S.A. Mar. 22, 2013); *see also Hubbard v. Comm'r of Soc. Sec.*, 618 F. App'x 643, 650 (11th Cir. 2015) (discounting various alleged impairments where "substance abuse contributed to or was a suspected cause of several of her medical issues").

Further, Plaintiff's past skilled and semi-skilled work belies his argument that he has sufficiently impaired functioning to satisfy listing 12.05C. According to the vocational expert, Plaintiff's prior work in the fiber optic worker position is light demand, SVP 7, and the utilities locator position is medium demand, SVP 4. (Tr. 62). In other words, Plaintiff's actual work history includes jobs with a specific vocational preparation (SVP) ratings for semi-skilled and skilled work. *See Rodriguez v. Comm'r of Soc. Sec.*, 633 F. App'x 770, 774 (11th Cir. 2015) ("Rodriguez's work history also supports the ALJ's determination that he did not have deficits in adaptive functioning. According to the vocational expert, Rodriguez's work history included jobs at the skilled and semiskilled level."); *Outlaw v. Barnhart*, 197 F. App'x 825, 827 (11th Cir. 2006) ("Outlaw's long work history in semi-skilled positions and daily activities were inconsistent" with intellectual disability).

Upon review, the ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition, his RFC, and his limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and RECOMMENDED** in Ocala, Florida on November 20, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties